UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN MARCOS CHABELA,

                    Plaintiff,

        v.

SUPREME COURT JUSTICE, *et al.*,

                    Defendants.

Case No. C26-2283-KKE

ORDER TO SHOW CAUSE

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) A district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

ORDER TO SHOW CAUSE - 1

Plaintiff's application is deficient because it omits or obscures essential financial information required to assess indigence. The application does not legibly state Plaintiff's date of last employment, other sources of income, ownership of any real or personal property, or monthly expenses. (Dkt. # 1 at 1-2.) Instead, the application asserts that Plaintiff has "over 100 trillion" dollars of value "in litigation," without explaining the nature of that claimed value or its accessibility. (*Id.* at 2.) In response to the prompt requesting any other information that would help explain an inability to pay court fees and costs, Plaintiff wrote only "gender discrimination," which does not describe Plaintiff's financial circumstances. (*Id.*) Without clear, specific, and internally consistent information regarding Plaintiff's income, assets, and expenses, the Court cannot determine whether Plaintiff satisfies the financial eligibility requirements to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **July 17, 2026**, why this Court should not recommend the IFP application be denied. In the alternative, Plaintiff may either pay the filing fee or file an amended IFP application providing the missing information by that date. The Clerk is directed to re-note Plaintiff's IFP application (dkt. # 1) for July 17, 2026, and to send copies of this order to Plaintiff and to the Honorable Kymberly K. Evanson.

Dated this 7th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2